UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>      Plaintiff,<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>      Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' "EXPEDITED" MOTION FOR LEAVE OF COURT TO CONDUCT AN *EXAMINATION DE BENE ESSE* OF PLAINTIFF**

## I.    Introduction

In their Expedited Motion for Leave of Court to Conduct an *Examination De Bene Esse* of Plaintiff ("Defendants' Motion"),[1] Defendants contend that a reference to Plaintiff's "fragile health" in Plaintiff's counsel's letter to Defendants' entitles them to an expedited deposition *de bene esse*, but they fail to cite any authority to support their position.[2]

This case is in the earliest stages of litigation. Plaintiff filed her Complaint on December 1, 2006 and is currently preparing her response to Defendants' pending Motion to Dismiss or, in the Alternative, for Summary Judgment, which is due March 9, 2007. The parties have not yet had a Rule 26(f) conference and no discovery has taken place. Plaintiff – who has an arguably greater interest than Defendants in her ability to provide testimony at trial – does not believe a deposition *de bene esse* out of time is warranted. This Court should not countenance Defendants' gambit to gain an unfair early advantage in the litigation. Accordingly, Defendants' Motion should be denied.

---

[1] Dkt. # 12, filed February 23, 2007.
[2] Although Defendants style their motion as "expedited," they point to no provision of the Local Rules that contemplates "expedited" consideration of a discovery motion, nor is Plaintiff aware of any.

1

## II. Defendants Fail to Satisfy Either of the Recognized Tests for Seeking Expedited Discovery.

Defendants correctly note that they must obtain leave of court to take a deposition out of time. (Defs. Mot. at 4.) The parties have not conferred under Fed. R. Civ. P. 26(f) nor has a pretrial conference been scheduled pursuant to Rule 16. Rule 26(d) provides that " a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," but authorizes departure from the Rule 26(f) "meet and confer" requirement if the parties agree to, or a court orders, expedited discovery. Fed. R. Civ. P. 30(a)(2)(C) provides that a party seeking to take a deposition before the time specified in Rule 26(d) must obtain leave of court.

Rule 26 is silent with respect to the standard a Court should apply for determining whether a request for expedited discovery is appropriate. In their Motion, Defendants provided no guidance regarding the relevant standards that have evolved to resolve this question. As this Court has noted, there are "two common judicial approaches" for resolving motions for expedited discovery. *See In re Fannie Mae Deriv. Litig.*, 227 F.R.D. 142 (D.D.C. 2005) (denying request for expedited discovery because plaintiff failed to satisfy either of the two commonly recognized tests).

The first approach is referred to as "the *Notaro* test." *See Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) (denying plaintiffs' request because they failed to satisfy requirements for expedited discovery). Under this standard, a moving party must satisfy the following four factors:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

2

*Id.* at 405.  This approach reflects the observation recorded in the 1993 Advisory Committee Notes to Rule 26(d) that discovery before the Rule 26(f) conference will be appropriate in some cases, "such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."

The second test for determining whether expedited discovery is warranted is based on reasonableness.  *In re Fannie Mae*, 227 F.R.D. at 142.  This Court explained that the factors a court should consider under the "reasonableness test" are:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Id.* at 143 (*citing Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *3, *5 (E.D. Pa. 2003) (denying plaintiff's expedited discovery request as unreasonable "in light of the totality of the circumstances"); *see also Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006) (denying plaintiffs' request for expedited discovery under the "reasonableness test").

The Court in *In re Fannie Mae* denied plaintiff's request for expedited discovery under both tests, observing that the discovery requests appeared "to be a thinly veiled attempt to circumvent the normal litigation process."  *Id.*   Plaintiff has not located a single electronically available decision in this Circuit granting a motion for expedited discovery.

Defendants fail to satisfy either of the two standards the Court might apply for determining whether their request for expedited discovery is appropriate.  There is no preliminary injunction pending and the request is far in advance of when Plaintiff's deposition would be taken in the typical discovery process.  Moreover, Plaintiff does not seek to take her

3

own expedited deposition.  Like the plaintiff in *In re Fannie Mae*, Defendants appear to be engaged in a "thinly veiled attempt to circumvent the normal litigation process." *Id.*

*        *        *

For the foregoing reasons, Defendants' Expedited Motion For Leave of Court to Conduct and *Examination De Bene Esse* of Plaintiff should be denied.

Respectfully submitted,

/s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (telephone)
(202) 383-5414 (fax)

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, NW, Suite 400
Washington, DC 20036
(202) 319-1000 (telephone)

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd Day of March 2007, true copies of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' "Expedited" Motion for Leave of Court to Conduct and Examination De Bene Esse of Plaintiff, and Proposed Order, were filed electronically with the Court for ECF service upon:

Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros
Chief, Equity I

Denise J. Baker
Assistant Attorney General

441 Fourth Street, NW, Suite 65079
Washington, DC 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

                                              /s/ Robert N. Eccles
                                              Robert N. Eccles

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>　　　　　Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>　　　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063 [RMC]<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of District Defendants' Expedited Motion for Leave of Court to Conduct an *Examination De Bene Esse* of Plaintiff ("Defendants' Motion"), the memorandum of points and authorities filed in support thereof, and Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion, and any reply thereto, it is by this Court this

____ day of _____, 2007:

ORDERED, that the District Defendants' Expedited Motion for Leave of Court to Conduct an *Examination De Bene Esse* of Plaintiff is hereby **DENIED**, and it is further

ORDERED that District Defendants' Request that Plaintiff submit to an *examination de bene esse* within 30 days is also **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ROSEMARY M. COLLYER
　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE

cc:

Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (telephone)
(202) 383-5414 (fax)

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, NW, Suite 400
Washington, DC 20036
(202) 319-1000 (telephone)

Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros
Chief, Equity I

Denise J. Baker
Assistant Attorney General

441 Fourth Street, NW, Suite 65079
Washington, DC 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)