UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN )<br><br>                Plaintiffs,                                )<br>        v.                                                    )<br>                                                               )<br>DISTRICT OF COLUMBIA, *et al.*,      )<br>                                                               )<br>                Defendants.                         )<br>_____) | Civil Action No. 06-02063 |

**DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO EXPEDITED MOTION FOR LEAVE OF COURT TO CONDUCT AN *EXAMINATION DE BENE ESSE OF* PLAINTIFF**

District Defendants, by and through the undersigned counsel, file their Reply to Plaintiff's Opposition to District Defendants' Expedited Motion for leave of court to conduct an e*xamination de bene esse* of plaintiff.

I.      **LEGAL ARGUMENT**

*1.      Plaintiff's Grave Health Compels the Requested Relief*

Depositions, *de bene esse,* are properly used when it is impossible for the witness to appear as required due to circumstances beyond that witness's control. The gravity of a final illness and the near certainty of a sudden death are, for example, grounds for such a deposition because there is a danger of the testimony being lost. *Bregman v. District of Columbia*, 1998 WL 665018 (D.D.C. September 28, 1998) *citing Johnson v. Washington Metropolitan Area Transit Authority*, 1993 WL 37445 at *1 (D.D.C. Feb.3, 1993).  Plaintiff has been diagnosed with AIDS and, by her counsel's own admission, her condition is "fragile."  Unless District Defendants are allowed to conduct an *examination de bene esse* of Plaintiff, there is an almost certain danger of losing Plaintiff's testimony prior to trial.

Moreover, Plaintiff subjected herself to the possibility of being deposed when she filed the lawsuit. She is central to the defense of the District Defendants, as well as her own cause. This Court should do all that it can to avoid her absence, *de jure*, from trial. *Cf. Bregman, supra* (The trial process is tantamount to the wishes of witnesses irresponsibly seeking to absent themselves from providing testimony).

Plaintiff's opposition compels this Court to grant the District Defendants' motion to expedite the plaintiff's deposition for two additional reasons. As more fully discussed below, the District Defendants meet the *Notaro* test standards argued by Plaintiff in her opposition. *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). Secondly, District Defendants satisfy the reasonableness test that the District Court recognized in *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142 (D.D.C. 2005).

### 2.   *Notaro Test Criteria are met by the Defendants*

*Notaro* requires that the moving party is required to meet the following criteria: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the non-moving party will suffer if the expedited relief is granted. *Notaro* at 405.

There is currently no cure or vaccine for HIV or AIDS. Hence, it is very likely that the Plaintiff's asserted "fragile health" will spiral downward. This is especially true given Plaintiff's erratic treatment regime in the past, documented by the medical records in the District Defendants' possession. District Defendants will be irreparably harmed if their opportunity to develop and preserve the trial record is curtailed by Plaintiff's almost inevitable failing health. Conversely, Plaintiff's testimony will be preserved for trial if the motion is granted, and any

irreparable injury will be avoided. A review of the Plaintiff's opposition does not show that Plaintiff alleges any factual injury that will occur if the motion is granted.

In addition, there is a strong likelihood that District Defendants will succeed on the merits. A motion to dismiss, or in the alternative for summary judgment, is currently pending.

2. *Reasonableness Test* **Standards Met by the Defendants**

A court should consider the following factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the non-moving to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142 (D.D.C. 2005). The "reasonableness test" requires the Court to decide the motion based on the "reasonableness of the request in light of all of the surrounding circumstances. . . ." *Id.* at 143 (citations omitted).

The reasonableness of the District Defendant's request to conduct an *examination de bene esse* of Plaintiff is supported by the circumstances in this case. As stated above, District Defendants will be severely prejudiced if Plaintiff dies before her testimony is preserved. The burden on Plaintiff will be greater later, as it is possible that her health will continue to decline with the passage of time. Thus, the burden on Plaintiff is less now than it will be later. The purpose is to preserve Plaintiff's testimony for trial. Finally, District Defendant's request is not made far in advance of the typical discovery process.

II. **CONCLUSION**

For all the foregoing reasons, as well as those discussed in District Defendants' opening memorandum in support of their motion, District Defendants respectfully request that this Honorable Court grant them leave of court to conduct an *examination de bene esse* of Plaintiff.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7TH day of March, 2007, true copies of the foregoing Reply were filed electronically with the Court for ECF service upon:

Robert N. Eccles
Andrea J. Worden
Jason A. Abel
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006-4001

Philip Fornaci
Ivy Lange
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, NW, Ste. 400
Washington, DC 20036

/s/ Denise J. Baker
DENISE J. BAKER