## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-02063 [RMC]<br>)<br>)<br>)<br>)<br>) |

## AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff Treyshawn Rankin and Defendants, by and through their undersigned counsel, respectfully move this Court to enter the Stipulated Protective Order attached hereto.

DATED:  March 28, 2007

Respectfully submitted,

*Attorneys for Plaintiff*

 /s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Phone:  (202) 383-5300
Fax:  (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone:  (202) 319-1000

*Attorney for Defendants*

/s/ Denise J. Baker, by permission Andrea J. Worden
Denise J. Baker, Esq.
Assistant Attorney General
441 Fourth St. NW Suite 6S079
Washington, DC  20001
Phone: 202-442-9887
Fax: 202-727-0431

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER</u>

1. Fed. R. Civ. P. 26.

2. The inherent authority of this Court.

Respectfully submitted,

***Attorneys for Plaintiff***

/s/ Robert N. Eccles
Robert N. Eccles D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (telephone)
(202) 383-5414 (fax)

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, NW, Suite 400
Washington, DC 20036

***Attorney for Defendants***

/s/ Denise J.  Baker, by permission Andrea J. Worden
Denise J. Baker, Esq.
Assistant Attorney General

441 Fourth St. NW Suite 6S079
Washington, DC  20001
Phone: 202-442-9887
Fax: 202-727-0431

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL DOCUMENTS
AND CONFIDENTIAL RELEASED MEDICAL RECORDS**

Pursuant to stipulation among the parties:

IT IS HEREBY ORDERED that all "Confidential Documents," "Confidential Released

Medical Records," and corresponding information produced by Plaintiff Troy (aka Treyshawn)

Rankin ("Plaintiff" or "Treyshawn Rankin") in response to any of Defendants' requests for

authorizations for release of medical records and health information, production of documents,

interrogatories, deposition testimony, or other requests for discovery in *Troy (aka Treyshawn)*

*Rankin v. District of Columbia, et al.*, Civ. Action No. 06-02063, as well as medical records

already in the Defendants' possession, shall be subject to the terms of this Stipulated Protective

Order ("Order") as set forth below.

**I.    DEFINITIONS**

1.    "CONFIDENTIAL DOCUMENTS."  This term refers to the documents that

Plaintiff produces to Defendants that are deemed "Confidential" under the provisions of Section

II.(1)-(3) of this Order.  "Confidential Documents" shall consist of the contents of the original

and all copies or other reproductions of the documents, as well as any summaries or digests of

information contained in such documents, which are subject to this Order.  The parties

contemplate that such Confidential Documents shall primarily consist of Plaintiff's medical

records and other health information.  Such documents will be stamped "Confidential Subject to

Protective Order" when they are provided to Defendants.

      2.    "DOCUMENT(S)."  This term refers to any and all material or other tangible

things containing information, and includes any medium by which information is recorded,

stored, communicated, or utilized, including papers (of any kind, type, or character) and any

method or medium by which information may be communicated, recorded, or retrieved by

people or by computers.  The term includes, without limitation, photographs, x-rays, audio tapes,

videotape recordings, or any other process by which information is reduced for storage, and

duplicates and reproductions of the same by any method.

      3.    "DEFENSE COUNSEL."  This phrase refers to the attorney(s) of record for the

Defendants in the above-styled matter, and any and all other lawyers and staff working under the

supervision of lawyers employed at the Office of the Attorney General for the District of

Columbia.

      4.    "CONFIDENTIAL RELEASED MEDICAL RECORDS."  This term refers to

any and all of Plaintiff's medical records, health information, and psychotherapy notes/records

that Defendants have obtained or may obtain from Plaintiff's health care providers pursuant to

Plaintiff's authorization for release of such records.  "Confidential Released Medical Records"

shall consist of the contents of the original and all copies or other reproductions of the

documents, as well as any summaries or digests of information contained in such documents.

"Confidential Released Medical Records" shall be deemed "Confidential," just as if they were

stamped "Confidential and Subject to Protective Order."

## II.    PROCEDURE FOR DETERMINING CONFIDENTIAL STATUS OF DOCUMENTS

1.    All documents produced by Plaintiff that Plaintiff in good faith believes should be subject to this Order, shall be designated "Confidential" when provided to Defense Counsel.

2.    All documents and information Defendants receive pursuant to Plaintiff's authorization for release of medical records and health information shall be treated as "Confidential."

3.    In the event Defense Counsel opposes any "Confidential" designations, Defense Counsel may, after reasonable consultation with Plaintiff's counsel, seek intervention of the Court to determine whether such documents are entitled to protection.  Both parties shall make a good faith effort to resolve any dispute before seeking the intervention of the Court.  The documents shall be treated as confidential pending a ruling by the Court.  As to any document that is contested that the Court does not deem confidential, such documents shall be deemed outside the scope of this Order.

## III.    RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL RELEASED MEDICAL RECORDS

1.    (a) Defense Counsel and experts retained or consulted by Defense Counsel to assist them in this litigation may use all Confidential Documents and/or Confidential Released Medical Records in the ordinary course of their investigation, evaluation, or preparation and defense of this litigation only, subject to the restrictions set forth in this Stipulated Protective Order.  This paragraph is intended to permit full use of Confidential Documents and/or Confidential Released Medical Records in this litigation only, by and between only Defense Counsel, defendants, and members of Defense Counsel's legal or support staff (*e.g.,* paralegals, secretaries and law clerks), and expert witnesses consulted or experts later identified as testifying experts.

(b) Defense Counsel shall use Confidential Documents and/or Confidential Released Medical Records, or copies of the same, only as necessary for the defense of this lawsuit. Before Confidential Documents or information and/or the Confidential Released Medical Records are disclosed to anyone identified in Section III.1(a) (with the exception of the attorney(s) of record for the Defendants), the intended recipient shall be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the Undertaking attached as Exhibit A ("Undertaking"), which is an agreement to be bound by the terms of this Stipulated Protective Order. The attorney(s) of record for Defendants, and staff working under their supervision need not sign Exhibit A; they will be deemed to have agreed to the terms of this Stipulated Protective Order by their signature of the Order itself. Undertakings signed by testifying experts shall be provided to Plaintiff's counsel when experts are disclosed. Undertakings signed by non-testifying expert consultants, whether or not they are retained by Defense Counsel, shall be provided to Plaintiff's counsel immediately upon termination of the case. Any other signed Undertaking shall be provided to Plaintiff's counsel immediately after it is signed. Confidential Documents and/or Confidential Released Medical Records shall not be disclosed to any person nor in any manner not specified in this Order.

2.      To the extent that Confidential Documents and/or Confidential Released Medical Records have been or may in the future be used in the taking of depositions, they shall remain subject to the provisions of this Stipulated Protective Order, and this Order shall extend to include the transcript pages of deposition testimony dealing with the substance of such documents.

3.      It will be the responsibility of the parties to the litigation to designate the transcript pages, or the entire transcript, to be deemed subject to this Stipulated Protective Order.

The entire transcript will be deemed designated until and unless the specific pages are identified, provided however, that such specific pages shall be identified within fifteen (15) calendar days of the delivery of the deposition transcript to counsel of record by the court reporting service. After the expiration of the fifteen (15) calendar day period, the transcript shall no longer be deemed confidential.

4.      Defense Counsel and all other individuals who have received Confidential Documents and/or Confidential Released Medical Records shall act to preserve their confidentiality.  If Confidential Documents and/or Confidential Released Medical Records are filed with or presented to any Court they shall be filed and/or presented under seal and with notation of the application of this Order.  Confidential Documents designated in accordance with this Order and/or Confidential Released Medical Records that are attached to deposition transcripts as exhibits and specific pages of the transcript that are designated as confidential shall all be separated from the transcript(s) and filed separately under seal.

5.      In the event that any recipient of Confidential Documents and/or Confidential Released Medical Records (a) is served with a subpoena or other legal process in any action, or (b) is served with a request or a demand in another action to which he or she is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this case concerning Confidential Documents and/or Confidential Released Medical Records subject to this Order, that person (the recipient of Confidential Documents and/or Confidential Released Medical Records) shall give prompt written facsimile and mail notice of such event to Robert N. Eccles, Esq. fax: (202) 383-5414, 1625 Eye Street NW, Washington, D.C. 20006 and Phil Fornaci, Esq. fax: (202) 319-1010, 11 Dupont Circle N.W. Suite 400, Washington, D.C. 20036 and shall object on the basis of this Order to producing or responding to any such request,

demand, or subpoena. Within ten (10) days from the giving of such written notice, Plaintiff's counsel shall advise the person who is to respond to the subpoena, request or demand of their position. Thereafter, Plaintiff shall assume responsibility for preserving and prosecuting any objection to the request, demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order.

6. (a)  Upon final termination of this litigation, by judgment, settlement, completion of appeal, or otherwise, all Confidential Documents subject to this Order, including all copies and other reproductions of such documents in the possession of Defense Counsel's experts or other recipients of Confidential Documents shall be either destroyed or returned to Plaintiff's counsel within sixty (60) days. Confidential Released Medical Records shall be either destroyed or returned to the health care provider that released them within sixty (60) days of the termination of this litigation.

(b)  Any Confidential Documents or information designated in accordance with this Order and/or Confidential Released Medical Records that becomes part of a record on appeal shall be returned or destroyed pursuant to Section III.6(a) after all appeals have been exhausted.

(c)  It shall be the responsibility of Defense Counsel to preserve the confidentiality of Confidential Documents and information and Confidential Released Medical Records and health information. Defense Counsel shall undertake all reasonable steps necessary to preserve the confidentiality of designated Confidential Documents and Confidential Released Medical Records, including but not limited to: (1) monitoring the release of such designated Confidential Documents and information and Confidential Released Medical Records and health information; (2) obtaining the completed and signed Undertakings attached as Exhibit A; (3) providing the

6

signed Undertakings attached as Exhibit A to Plaintiff's counsel in accordance with the provisions of this Order.

## IV.    GENERAL PROVISIONS

1.     After termination of this case, the provisions of this Order shall continue to be binding, except with respect to those documents to which the Court determines the public or others have a right of access.  This Court retains and shall have jurisdiction over the parties, their attorneys, and all recipients of Confidential Documents and/or Confidential Released Medical Records for enforcement of the provisions of this Order following termination of this case.

2.     This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

3.     This Order shall be binding upon the parties in the above-styled matter, and their attorneys, and upon any recipient of Confidential Documents and/or Released Medical Records and Health Information and upon any successor, executor, personal representative, administrator, heir, legal representative, assigns, subsidiary, division, employee, agent, independent contractor, or other person or organization over which any party or attorney or recipient of Confidential Documents and/or Confidential Released Medical Records has control.

**AGREED:**

Dated: _3/24/07_

**Attorneys for Plaintiff:**
*Troy (aka Treyshawn) Rankin*

By:  _____

Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Phone:  (202) 383-5300
Fax:  (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 319-1000

Dated: March 28, 2007                 **Attorneys of Record for Defendants**:

By: /s/ Denise Baker, by permission Andrea J. Worden
Denise Baker, Esq.
Assistant Attorney General
441 Fourth St. NW Suite 6S079
Washington, DC 20001
Phone: 202-442-9887
Fax: 202-727-0431

**SO ORDERED** this _____ day of _____, 2007:

_____
The Honorable Judge Rosemary Collyer
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>)<br>) |

**EXHIBIT A**

**TO STIPULATED PROTECTIVE ORDER**

I _____, being duly sworn, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

I have received a copy of the Stipulated Protective Order ("Order") in this action, a copy of which is attached hereto.  I have carefully read and understand the provisions of the Order.

I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes set forth in the Order, any Confidential Documents and/or Confidential Released Medical Records that is disclosed to me.  I will undertake to ensure that those working under my supervision and direction also abide by these requirements and agree to be personally responsible for any failure on their part to comply.

Promptly upon termination of this action, I will return all Confidential Documents and/or Confidential Released Medical Records that came into my possession, and all documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulated Protective Order.

_____

Printed Name_____

Subscribed and sworn to before me, a notary public,  on this _____day of _____, 2007.

_____

Notary Public

2