UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>　　　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>　　　　　　Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY
IN OPPOSITION TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**

Plaintiff, by and through the undersigned counsel, respectfully requests leave of Court to file the attached Surreply (*see* Attachment I (Plaintiff's Surreply)), which is warranted because Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendants' Reply" or "Defs.' Reply") raises new matters in the form of new facts and new legal arguments, none of which Plaintiff has had the opportunity to address and none of which would be fully briefed for the Court unless it grants Plaintiff's Motion for Leave to File a Surreply ("Plaintiff's Motion").  For reasons more fully set forth in the accompanying memorandum, there is good cause to grant the requested leave of Court.

Pursuant to LCvR 7(m), counsel for Plaintiff conferred with Defendants' counsel on April 3, 2007 regarding the relief requested herein, and counsel for Defendants has stated that they do not consent.

A proposed order accompanies this Motion.

Respectfully submitted,

/s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Phone:  (202) 383-5300
Fax:  (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone:  (202) 319-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th Day of April 2007, true copies of the foregoing Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Or, in the Alternative, For Summary Judgment were filed electronically with the Court for ECF service upon:

Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros
Chief, Equity I

Denise J. Baker
Assistant Attorney General

441 Fourth Street, NW, Suite 6S079
Washington, DC 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

/s/ Robert N. Eccles
Robert N. Eccles

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>            Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>            Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063  [RMC]<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Plaintiff respectfully moves for leave of Court to file a surreply to address new matters in the form of new facts and new legal arguments raised in Defendants' Reply filed on March 26, 2007, none of which Plaintiff has had the opportunity to address and none of which would be fully briefed for the Court unless the requested relief is granted. The following facts and law demonstrate good cause for granting Plaintiff's Motion for leave of Court to file a surreply.

**II.     ARGUMENT**

A surreply "may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002); *cf. Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent). "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). It is "most

appropriate" for a court to grant leave "where the new matter introduced is factual." *Pogue*, 238 F. Supp. 2d at 277.

That is precisely the case here. Defendants introduced several new factual matters as attachments to their reply. They attached two declarations of defendants -- namely, the Declaration of Dennis Harrison, Sr., and the Declaration of S. Elwood York. (*See* Attachments 4 and 5 to Defs.' Reply.) As well, Defendants attached incarceration and inmate records of Ms. Rankin. (*See* Attachments 1 to Defs.' Reply.) This Court should grant Plaintiff's Motion in order to give Plaintiff the opportunity to address these new factual matters. *See Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a surreply where the opposing party had attached a new declaration to its reply).

Defendants' Reply also contains new legal arguments which Plaintiff would otherwise be unable to oppose if not for this Court granting Plaintiff's Motion. Sections II.H and II.J of Defendants' Reply are entirely fresh propositions: the first of them argues that Plaintiff's claims are subject to the administrative exhaustion requirement under the Prison Reform Litigation Act of 1995 (*see* Defs.' Reply at 13-15); and second argues that Plaintiff's negligence claims are barred by sovereign immunity (*see* Defs.' Reply at 15-16). These newly asserted arguments by Defendants also constitute grounds for granting Plaintiff's Motion and are properly addressed by Plaintiff in a surreply. *See Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 190 (D.D.C. 2004) (granting leave to file a surreply to address an anti-alienation argument first asserted in a reply).

**II.    CONCLUSION**

For these reasons, Plaintiff's Motion should be granted and Plaintiff's Surreply should be accepted for filing.

–3–

Respectfully submitted,

/s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Phone:  (202) 383-5300
Fax:  (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone:  (202) 319-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th Day of April 2007, true copies of the foregoing Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Or, in the Alternative, For Summary Judgment were filed electronically with the Court for ECF service upon:

Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros
Chief, Equity I

Denise J. Baker
Assistant Attorney General

441 Fourth Street, NW, Suite 6S079
Washington, DC 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

/s/ Robert N. Eccles
Robert N. Eccles

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063 [RMC]<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS'
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Defendants' Reply[1] raises several new matters in the form of new facts and new arguments, both of which Plaintiff has not had the opportunity to address. As briefly explained below, these new matters add nothing of merit to the consideration of the issues before this Court. Defendants' new factual material is simply not relevant and their latest legal arguments are in direct contradiction to well-settled law.

**II.   ARGUMENT**

   **A.   Defendants' New Evidence Is Immaterial**

Defendants introduce two new types of evidence with their reply brief which do nothing to support their arguments to dismiss Plaintiff's Complaint.

   1.   **Plaintiff's Incarceration And Inmate Records Are Irrelevant**

The first type of new evidence introduced by Defendants consists of Ms. Rankin's

---

[1] *See* District Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Dkt. #23, filed March 26, 2007, referred to herein as "Defendants' Reply" or "Defs.' Reply" for ease of reference.

incarceration and inmate records.[2]  Defendants contend that these records distinguish the instant case from *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999), because they show that Ms. Rankin was freed without parole or probation.  But the *Wakefield* court never even mentions these conditions of release, let alone factors them into its holding that "the state has a responsibility under the Eighth Amendment to provide outgoing prisoners being treated for a medical condition with a sufficient supply of medication to cover their transition to the outside world."  *Id.* at 1165.  Indeed, Defendants' analysis goes back to the district court's dismissal of Wakefield's § 1983 action,[3] which the Ninth Circuit reversed.  *Wakefield*, 177 F.3d at 1161.  The applicable holding in *Wakefield* simply has nothing to do with parole or probation conditions.  Accordingly, Ms. Rankin's incarceration and inmate records have no bearing on this case.

2. **The Declarations of Defendants Harrison And York Do Not Support The Dismissal of Any Claims Against Them**

The second type of evidence introduced with Defendants' reply brief consists of declarations of Defendants Harrison and York.[4]  Defendants argue that these declarations support the dismissal of Ms. Rankin's § 1983 claim against these Defendants for failure to train/supervise in violation of the Eighth Amendment.[5]  They are mistaken.  The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that an official bearing responsibility for prison policy and/or management can be held individually liable for an Eighth Amendment violation where the official "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837.  This does ***not*** mean that the official must

---

[2] *See* Defs.' Reply, Attachment 1.

[3] *See* Defs.' Reply 2.

[4] *See* Defs.' Reply, Attachments 4 and 5 (Declaration of Dennis Harrison, Sr. ("Harrison Decl.") and Declaration of S. Elwood York ("York Decl."), respectively).

[5] *See* Defs.' Reply 9.

have had subjective knowledge of the particular inmate exposed to the risk to health or safety. *See, e.g.*, *Caldwell v. Hammonds*, 53 F. Supp. 2d 1, 12 (D.D.C. 1999) (denying a motion to dismiss § 1983 claims against a warden and an acting deputy director for institutions where plaintiff alleges that they "knew of those conditions" underlying plaintiff's constitutional claims). Thus, it is beside the point that neither Defendant Harrison nor Defendant York had any familiarity with Ms. Rankin, as they aver.[6]

*Farmer* requires only that the official have subjective knowledge of the particular risk to health and safety. Plaintiff's Complaint squarely addresses this issue in stating that Defendants Harrison and York "were aware of an ongoing deficiency in the District's training program for R&D correctional officers, and in the supervision of those officers on the job."[7] Moreover, it is premature to look to the underlying evidence when Plaintiff has not had any chance to conduct discovery, especially where evidence tends to be unavailable by other means as with issues such as the subjective knowledge of a defendant.[8]

Of final note, policy-makers "can not adopt a 'policy' that is plainly ignored and then claim that violations are not officially sanctioned and therefore not actionable." *Caldwell*, 53 F. Supp. 2d at 9. Thus, the agreement with CHHPS to provide inmates with a 7-day supply of medications upon release, mentioned by both Defendants Harrison and York,[9] is not dispositive of Plaintiff's claims against them.

---

[6] *See* Harrison Decl. ¶¶ 3-6; York Decl. ¶¶ 3-6.

[7] Compl., Dkt. # 1, at ¶ 43.

[8] *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Plf.'s Mem. Opp."), Dkt. # 21, at 33; Plf.'s Mem. Opp., Attachment 2 (Rule 56(f) Aff. of Philip Fornaci), at 2-4.

[9] *See* Harrison Decl. ¶ 9; York Decl. ¶ 9.

### B.     Defendants' New Arguments Are Contrary To Well-Settled Law

Defendants also introduce two new arguments in their reply brief which also warrant quick reply.

#### 1.     The Prison Litigation Reform Act of 1995 Does Not Apply to the Current Case

Despite Defendants' argument to the contrary, the Prison Litigation Reform Act of 1995 ("PLRA") does not apply to Ms. Rankin's claims brought after her release from the D.C. Jail.

The pertinent provision of the PLRA states: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, ***by a prisoner confined in any jail, prison, or other correctional facility*** until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (emphasis added). In keeping with this language, circuit courts have uniformly limited the administrative prescriptions of the PLRA to individuals, who, at the time they filed their § 1983 claims, were prisoners. *See, e.g.*, *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000) (en banc); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *cf. Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998) (stating that the PLRA does not apply to a claim arising out of an incident that happened while the inmate was held in pretrial detention). Thus, both the statute and the relevant case law are unambiguous in stating that PLRA does not apply to Ms. Rankin's Complaint filed ***after*** her release even though the events underlying her ***claims*** -- *i.e.*, her failure to receive necessary bridge medications after multiple requests -- occurred while

4

she was still in custody.

Defendants' contention that Plaintiff must comply with the PLRA is baseless.

### 2. The District of Columbia is not Entitled to Sovereign Immunity

Another new argument in Defendants' reply brief wrongly contends that Plaintiff's negligence and negligent supervision claims against the District are barred by sovereign immunity.

Sovereign immunity does not apply to the execution of ministerial duties. *See, e.g.*, *Dant v. District of Columbia*, 829 F.2d 69, 74-75 (D.C. Cir. 1987); *Griggs v. Washington Metro. Area Transit Auth.*, 66 F. Supp. 2d 23, 29 (D.D.C. 1999); *see also District of Columbia v. Thompson*, 570 A.2d 277, 296 (D.C. 1990), *vacated on other grounds*, 593 A.2d 621 (1991) (stating that the discretionary-ministerial distinction applies to the District itself as well as governmental employees). Ministerial duties include the execution of District policy to provide released inmates with a 7-day supply of necessary bridge medications and the training and supervision of correctional officers in R&D with respect to such policy. They are the very type of "day-to-day operational matters" that defines ministerial acts: "From the very nature of these activities, it is clear that they do not involve the kind of policy-formulating, judgment-making processes encompassed by the term discretionary." *Wainwright v. Washington Metro. Area Transit Auth.*, 903 F. Supp. 133, 139 (D.D.C. 1995) (citing Thomas v. Johnson, 295 F. Supp. 1025, 1031 (D.D.C. 1968). Plaintiff's negligence claims based on the failure to execute these ministerial duties are therefore not barred by sovereign immunity.

Defendants' only argument that sovereign immunity applies is that "the District

5

can decide not to follow it own policies."[10]  Not true.  Where a "policy specifically prescribes a course of action for an employee to follow . . . then the employee had no 'choice,'" meaning the act is not discretionary.  *Cope v. Scott*, 45 F.3d 445, 448 (D.C. Cir. 1995).  The relevant policy here dictates that Ms. Rankin should have received a 7-day supply of necessary bridge medications upon her release from the D.C. Jail.  Her release without any medications was not a policy decision, but a dereliction of ministerial duties subject to potential negligence liability.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Phone:  (202) 383-5300
Fax:  (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone:  (202) 319-1000

---

[10] Defs.' Reply 15.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063 [RMC]<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

  The Court, after considering Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Or, in the Alternative, For Summary Judgment, the memorandum of points and authorities in support thereof, and the entire record herein, it is this _____ day of _____, 2007,

  **ORDERED** that Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Or, in the Alternative, For Summary Judgment is hereby **GRANTED**; and it is

  **FURTHER ORDERED** that Plaintiff's Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Or, in the Alternative, For Summary Judgment be entered.

                      _____
                       UNITED STATES DISTRICT JUDGE

Copies to:

Robert N. Eccles
Andrea J. Worden

O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

Philip Fornaci
Ivy Lange
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Ste. 400
Washington, D.C. 20036

Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros
Chief, Equity I

Denise J. Baker
Assistant Attorney General

441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001