UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           )
TROY (aka TREYSHAWN) RANKIN                )
                                           )
           Plaintiffs,                     )
     v.                                    )   Civil Action No. 06-02063
                                           )
DISTRICT OF COLUMBIA, *et al.*,            )
                                           )
           Defendants.                     )
_____)

**DISTRICT DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO FILE A SURREPLY**

District Defendants (hereinafter "the District") opposes Plaintiff's motion to file a surreply. Plaintiff was fully aware of the arguments raised in the District's reply brief. As a matter of law, a motion to file a surreply should only be granted when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading. *Flanagan v. Wyndham Intern. Inc.,* 231 F.R.D. 98 (D.D.C. 2005). As discussed further, Plaintiff cannot meet this standard and this Court should not exercise its discretion to permit the surreply. This Court also has the discretion to ignore those arguments in resolving the Districts' motion without granting the motion to file a surreply. *Flynn v. Veazey Const. Corp.* 2004 WL 596107 (D.D.C. 2004).

**A. Plaintiff's Incarceration/Inmate Records were Originally Attached to the Motion for Summary Judgment.**

Contrary to Plaintiffs assertion,[1] the District first attached the Incarceration and Inmate Records to its Memorandum in Support of Motion to Dismiss or, alternatively, for Summary

---

[1] *See* Plaintiffs' Draft Surreply In Opposition to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment , Argument ¶ II.A.1. (hereinafter "Draft Surreply")

Judgment. These records were referenced as "Medical Records" and Jail Records."[2] The only reason such documents were "reattached" is for the convenience of the Court's review and because the certifications for these records were obtained from the custodians of records. There was a delay in receiving the executed records certifications from the custodian of records. Out of an abundance of caution, undersigned counsel believed that it would be prudent to reattach the recently received executed records with the business records certifications, even though the records themselves were attached to the original motions.

### B. Plaintiff Should Have Responded to the Allegations Included in the Harrison and York Declarations, which were Filed in support of Defendants' Original Motion to Dismiss and Summary Judgment Motion

Plaintiff is incorrect in her assertion[3] that she did not have the opportunity to respond to the qualified immunity arguments. Defendants fully briefed the applicability of the qualified immunity doctrine to the individual defendants, Harrison and York in the original motion.[4] Therein, Defendants argued that Plaintiff failed to alleged: (1) that other inmates failed to receive medications on release; (2) knowing violations of law; and (3) failure to allege personal involvement by either Harrison or York. In her opposition brief, Plaintiff had, but failed to avail herself of the opportunity to make arguments in the alternative, such as, "even if other inmates failed to receive medication on release, individual defendants would still be liable." As such there is no reason to permit a surreply for arguments that Plaintiff failed to make it her original opposition.

---

[2] *See e.g.,* District Defendants memorandum in support of motion to dismiss at page 5, Factual Background.
[3] *See* Draft Surreply Argument ¶ II.A.2.
[4] *See* District Defendants memorandum in support of motion to dismiss at page 22, Section H.

### C. Plaintiffs Should Have Responded to the Arguments Regarding Dismissal for Lack of Subject Matter Jurisdiction, which were Asserted in Defendants' Original Motion to Dismiss and Summary Judgment Motion

Again, Plaintiff's proposed Surreply[5] merely shows that Plaintiff did not oppose the District's arguments more fully in her original opposition. Whether a general tort claim or as an Administrative adjudication, Plaintiff has no cause of action before this federal court. As fully briefed in Defendants' original motion to dismiss, this Court lacks subject matter jurisdiction over all common law claims, including those sounding in negligence claims or those claims for administrative remedies arising from the Prison Litigation Reform Act.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to File a Surreply should be denied. Plaintiff was able to oppose these allegations and arguments in her original opposition to the Defendants' Motions to Dismiss or Summary Judgment and no grounds exist to support Plaintiff's current motion.

>
> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> /s/ Ellen A. Efros
> ELLEN A. EFROS
> Chief, Equity I
>
> /s/ Denise J. Baker
> DENISE J. BAKER
> Assistant Attorney General
> 441 Fourth Street, N.W., Suite 6S079
> Washington, D.C. 20001
> (202) 442-9887 (telephone)
> (202) 727-3625 (fax)

---

[5] Draft Surreply Arguments ¶ II.A.3-4.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2007, true copies of the foregoing Opposition to Motion to file a Surreply were filed electronically with the Court for ECF service upon:

Robert N. Eccles
Andrea J. Worden
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC  20006-4001

Philip Fornaci
Ivy Lange
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, NW, Ste. 400
Washington, DC  20036

                                        /s/ Denise J. Baker
                                        DENISE J. BAKER