**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| TROY (aka TREYSHAWN) RANKIN, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> Defendants. ) <br> ) | Civil Action No. 06-02063 [RMC] |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS'**
**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO**
**DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Defendants' Reply[1] raises several new matters in the form of new facts and new arguments, both of which Plaintiff has not had the opportunity to address. As briefly explained below, these new matters add nothing of merit to the consideration of the issues before this Court. Defendants' new factual material is simply not relevant and their latest legal arguments are in direct contradiction to well-settled law.

## II. ARGUMENT

### A. Defendants' New Evidence Is Immaterial

Defendants introduce two new types of evidence with their reply brief which do nothing to support their arguments to dismiss Plaintiff's Complaint.

#### 1. Plaintiff's Incarceration And Inmate Records Are Irrelevant

The first type of new evidence introduced by Defendants consists of Ms. Rankin's

---

[1] *See* District Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Dkt. #23, filed March 26, 2007, referred to herein as "Defendants' Reply" or "Defs.' Reply" for ease of reference.

incarceration and inmate records.[2] Defendants contend that these records distinguish the instant case from *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999), because they show that Ms. Rankin was freed without parole or probation.  But the *Wakefield* court never even mentions these conditions of release, let alone factors them into its holding that "the state has a responsibility under the Eighth Amendment to provide outgoing prisoners being treated for a medical condition with a sufficient supply of medication to cover their transition to the outside world." *Id.* at 1165.  Indeed, Defendants' analysis goes back to the district court's dismissal of Wakefield's § 1983 action,[3] which the Ninth Circuit reversed.  *Wakefield*, 177 F.3d at 1161.  The applicable holding in *Wakefield* simply has nothing to do with parole or probation conditions.  Accordingly, Ms. Rankin's incarceration and inmate records have no bearing on this case.

### 2. **The Declarations of Defendants Harrison And York Do Not Support The Dismissal of Any Claims Against Them**

The second type of evidence introduced with Defendants' reply brief consists of declarations of Defendants Harrison and York.[4]  Defendants argue that these declarations support the dismissal of Ms. Rankin's § 1983 claim against these Defendants for failure to train/supervise in violation of the Eighth Amendment.[5]  They are mistaken.  The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that an official bearing responsibility for prison policy and/or management can be held individually liable for an Eighth Amendment violation where the official "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837.  This does ***not*** mean that the official must

---

[2] *See* Defs.' Reply, Attachment 1.

[3] *See* Defs.' Reply 2.

[4] *See* Defs.' Reply, Attachments 4 and 5 (Declaration of Dennis Harrison, Sr. ("Harrison Decl.") and Declaration of S. Elwood York ("York Decl."), respectively).

[5] *See* Defs.' Reply 9.

2

have had subjective knowledge of the particular inmate exposed to the risk to health or safety. *See, e.g.*, *Caldwell v. Hammonds*, 53 F. Supp. 2d 1, 12 (D.D.C. 1999) (denying a motion to dismiss § 1983 claims against a warden and an acting deputy director for institutions where plaintiff alleges that they "knew of those conditions" underlying plaintiff's constitutional claims). Thus, it is beside the point that neither Defendant Harrison nor Defendant York had any familiarity with Ms. Rankin, as they aver.[6]

*Farmer* requires only that the official have subjective knowledge of the particular risk to health and safety. Plaintiff's Complaint squarely addresses this issue in stating that Defendants Harrison and York "were aware of an ongoing deficiency in the District's training program for R&D correctional officers, and in the supervision of those officers on the job."[7] Moreover, it is premature to look to the underlying evidence when Plaintiff has not had any chance to conduct discovery, especially where evidence tends to be unavailable by other means as with issues such as the subjective knowledge of a defendant.[8]

Of final note, policy-makers "can not adopt a 'policy' that is plainly ignored and then claim that violations are not officially sanctioned and therefore not actionable." *Caldwell*, 53 F. Supp. 2d at 9. Thus, the agreement with CHHPS to provide inmates with a 7-day supply of medications upon release, mentioned by both Defendants Harrison and York,[9] is not dispositive of Plaintiff's claims against them.

---

[6] *See* Harrison Decl. ¶¶ 3-6; York Decl. ¶¶ 3-6.

[7] Compl., Dkt. # 1, at ¶ 43.

[8] *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Plf.'s Mem. Opp."), Dkt. # 21, at 33; Plf.'s Mem. Opp., Attachment 2 (Rule 56(f) Aff. of Philip Fornaci), at 2-4.

[9] *See* Harrison Decl. ¶ 9; York Decl. ¶ 9.

**B.     Defendants' New Arguments Are Contrary To Well-Settled Law**

Defendants also introduce two new arguments in their reply brief which also warrant quick reply.

1.     **The Prison Litigation Reform Act of 1995 Does Not Apply to the Current Case**

Despite Defendants' argument to the contrary, the Prison Litigation Reform Act of 1995 ("PLRA") does not apply to Ms. Rankin's claims brought after her release from the D.C. Jail.

The pertinent provision of the PLRA states: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, *by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (emphasis added). In keeping with this language, circuit courts have uniformly limited the administrative prescriptions of the PLRA to individuals, who, at the time they filed their § 1983 claims, were prisoners. *See, e.g.*, *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000) (en banc); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *cf. Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998) (stating that the PLRA does not apply to a claim arising out of an incident that happened while the inmate was held in pretrial detention). Thus, both the statute and the relevant case law are unambiguous in stating that PLRA does not apply to Ms. Rankin's Complaint filed *after* her release even though the events underlying her *claims* -- *i.e.*, her failure to receive necessary bridge medications after multiple requests -- occurred while

4

she was still in custody.

Defendants' contention that Plaintiff must comply with the PLRA is baseless.

### 2. The District of Columbia is not Entitled to Sovereign Immunity

Another new argument in Defendants' reply brief wrongly contends that Plaintiff's negligence and negligent supervision claims against the District are barred by sovereign immunity.

Sovereign immunity does not apply to the execution of ministerial duties. *See, e.g.*, *Dant v. District of Columbia*, 829 F.2d 69, 74-75 (D.C. Cir. 1987); *Griggs v. Washington Metro. Area Transit Auth.*, 66 F. Supp. 2d 23, 29 (D.D.C. 1999); *see also District of Columbia v. Thompson*, 570 A.2d 277, 296 (D.C. 1990), *vacated on other grounds*, 593 A.2d 621 (1991) (stating that the discretionary-ministerial distinction applies to the District itself as well as governmental employees). Ministerial duties include the execution of District policy to provide released inmates with a 7-day supply of necessary bridge medications and the training and supervision of correctional officers in R&D with respect to such policy. They are the very type of "day-to-day operational matters" that defines ministerial acts: "From the very nature of these activities, it is clear that they do not involve the kind of policy-formulating, judgment-making processes encompassed by the term discretionary." *Wainwright v. Washington Metro. Area Transit Auth.*, 903 F. Supp. 133, 139 (D.D.C. 1995) (citing Thomas v. Johnson, 295 F. Supp. 1025, 1031 (D.D.C. 1968). Plaintiff's negligence claims based on the failure to execute these ministerial duties are therefore not barred by sovereign immunity.

Defendants' only argument that sovereign immunity applies is that "the District

5

can decide not to follow it own policies."[10] Not true. Where a "policy specifically prescribes a course of action for an employee to follow . . . then the employee had no 'choice,'" meaning the act is not discretionary. *Cope v. Scott*, 45 F.3d 445, 448 (D.C. Cir. 1995). The relevant policy here dictates that Ms. Rankin should have received a 7-day supply of necessary bridge medications upon her release from the D.C. Jail. Her release without any medications was not a policy decision, but a dereliction of ministerial duties subject to potential negligence liability.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Robert N. Eccles
Robert N. Eccles (D.C. Bar No. 355479)
Andrea J. Worden (D.C. Bar No. 463085)
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Phone: (202) 383-5300
Fax: (202) 383-5414

Philip Fornaci (D.C. Bar No. 434824)
Ivy Lange (D.C. Bar No. 488147)
Washington Lawyers' Committee for Civil Rights
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 319-1000

---

[10] Defs.' Reply 15.