**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TROY (aka TREYSHAWN) RANKIN | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 06-02063 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DISTRICT DEFENDANTS' MOTION TO FILE UNDER SEAL THEIR MOTION TO AMEND STATEMENT OF MATERIAL FACTS AND DEPOSITION TRANSCRIPT**

Pursuant to Fed. R. Civ. P. 7(b) and LCvR 5.1(j), District Defendants comprised of the District of Columbia (the "District") and two (2) District officials sued solely in their individual capacities, S. Elwood York, Jr. ("York") and Dennis Harrison ("Harrison") (collectively "the District Defendants"), by and through undersigned counsel, hereby move this Honorable Court for an order permitting the District Defendants to filed under seal a Motion to Amend the District Defendants' Statement of Material Facts as to which there is No Genuine Issue ("Motion to Amend"). Docket Number 7. In support of said Motion to Amend, District Defendants seek this Court's Order to file the deposition transcript taken of Plaintiff on May 8, 2007 pursuant to an Order of this Court. Docket Number 12.

The subject matter of the Motion to Amend pertains largely to the facts elicited during Plaintiff's deposition. District Defendants aver that Plaintiff made her medical history a matter of public record by filing this lawsuit. Plaintiff's counsel has reviewed the deposition, however, and nominated virtually the entire deposition to be subject to a protective order. Docket Number 24; (*See*, Letter from Sarah E. Johnson dated June 6, 2007, attached hereto as Exhibit "A"). Out

of an abundance of caution, District Defendants seek to file the entire transcript, motion and any other documents supporting the motion under seal to avoid inadvertent disclosure of Plaintiff's medical records and avoid violation of the protective order.

An electronic copy and a paper copy of the documents shall be filed directly with the judge's chambers.

Pursuant to LCvR 7(m), counsel for District Defendants contacted Plaintiff's counsel and Plaintiff's counsel did not consent to the relief requested herein.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Ellen A. Efros
        ELLEN A. EFROS
        Chief, Equity I

        /s/ Denise J. Baker
        DENISE J. BAKER
        Assistant Attorney General
        441 Fourth Street, N.W., Suite 6S079
        Washington, D.C. 20001
        (202) 442-9887 (telephone)
        (202) 727-3625 (fax)

DATE: June 8, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TROY (aka TREYSHAWN) RANKIN | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 06-02063 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DISTRICT DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT DEFENDANTS' MOTION TO FILE UNDER SEAL THEIR MOTION TO AMEND STATEMENT OF MATERIAL FACTS AND DEPOSITION**

District Defendants, pursuant to Fed. R. Civ. P. 7(b), and LCvR 5.1(j), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to File under Seal their Motion to Amend the Statement of Material Facts and the Deposition. In support of the instant motion, District Defendants state as follows:

1. Plaintiff's complaint alleges *inter alia* that District Defendants violated the U.S. Constitution, specifically the Eighth Amendment and the Due Process Clauses of the Fifth Amendment, the Americans with Disabilities Act (ADA), 42 USC § 12131, Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, and committed negligence. These allegations arise from alleged problems Plaintiff experienced obtaining medication during her incarceration and upon her release from jail.

2. District Defendants filed their Motion to Dismiss, or in the Alternative, Summary Judgment, in response to the Complaint, Docket Number 7, which contained a Statement of Material Facts to which there is no Genuine Issue of Material Fact.

3. District Defendants' deposed Plaintiff on May 8, 2007. From that deposition, additional material and undisputed facts were elicited; however, these facts pertain, in part to the Plaintiff's medical history.

4. The parties have entered into a stipulated protective order. Plaintiff's counsel has alleged that virtually all of the deposition testimony is subject to the protective order. (*See* Exhibit "A" attached hereto). District Defendants aver, to the contrary, that issues raised in the Complaint are not subject to the protective order because Plaintiff made these issues a matter of public record by filing this lawsuit.

5. Out of an abundance of caution, District Defendants seek to file the amended statement of material facts, the motion that seeks to amend the statement of material facts and the entire transcript under seal to avoid inadvertent disclosure of Plaintiff's medical records and avoid violation of the protective order. Alternatively, District Defendants request that this Court review the deposition to determine whether virtually all of the deposition is subject to the protective order or non-disclosure on any other basis so that the District Defendants may file their motion without seal.

**CONCLUSION**

Based on the above, District Defendants respectfully request that this Honorable Court enter an order to permit District Defendants to file under seal their Motion to Amend the Statement of Material Facts and the documents that support the revisions to the Statement of Material Facts, which included the deposition of Plaintiff taken on May 8, 2007.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE

-5-

Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

DATE: June 8, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TROY (aka TREYSHAWN) RANKIN | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 06-02063 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ORDER**

Upon consideration of District Defendants' Motion to File their Motion to Amend Statement of Material Facts, and Plaintiff's Deposition Under Seal, the Memorandum of Points and Authorities in Support thereof, the entire record herein, and it appearing that the relief should be granted, it is hereby:

**ORDERED,** that Defendants' Motion to File Under Seal their Motion to Amend Statement of Material Facts in Support of their Motion for Summary Judgment, Plaintiff's deposition transcript and other supporting documents, which may relate to Plaintiffs medical history be, and hereby is, **GRANTED.**

DATE: _____          _____
                                                                  United States District Judge

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SAN FRANCISCO |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| LONDON | www.omm.com | SILICON VALLEY |
| LOS ANGELES | | TOKYO |

June 6, 2007

**CONFIDENTIAL**
**VIA E-MAIL AND FEDEX**

Denise Baker, Esq.
Office of the Attorney General for the District of Columbia
One Judiciary Square
441 4th Street, N.W.
Suite 600 South
Washington, D.C. 20001

      Re:    No. 06-02063 (RMC), *Rankin v. D.C., et al.*

Dear Ms. Baker:

      Pursuant to the stipulated protective order entered in this case on April 5, 2007, we hereby designate as confidential and subject to the protective order the following lines in the transcript of the May 8, 2007 deposition of Troy (aka Treyshawn) Rankin in Civil Action No. 06-2063:

| | | |
|---|---|---|
| Page 45: Lines 4-22 | Page 54: Lines 1-22 | Page 63: Lines 1-22 |
| Page 46: Lines 1-22 | Page 55: Lines 1-22 | Page 64: Lines 1-22 |
| Page 47: Lines 1-22 | Page 56: Lines 1-22 | Page 65: Lines 1-22 |
| Page 48: Lines 1-22 | Page 57: Lines 1-22 | Page 66: Lines 1-18 |
| Page 49: Lines 1-22 | Page 58: Lines 1-22 | Page 67: Lines 13-22 |
| Page 50: Lines 1-22 | Page 59: Lines 1-22 | Page 68: Lines 1-22 |
| Page 51: Lines 1-22 | Page 60: Lines 1-22 | Page 69: Lines 1-22 |
| Page 52: Lines 1-22 | Page 61: Lines 1-22 | Page 70: Lines 1-22 |
| Page 53: Lines 1-22 | Page 62: Lines 1-22 | Page 71: Lines 1-22 |

O'MELVENY & MYERS LLP

Denise Baker, Esq., June 6, 2007 - Page 2

| | | |
|---|---|---|
| Page 72: Lines 1-22 | Page 99: Lines 16-22 | Page 137: Lines 1-22 |
| Page 73: Lines 1-22 | Page 100: Lines 1-22 | Page 138: Lines 1-22 |
| Page 74: Lines 1-22 | Page 101: Lines 1-22 | Page 139: Lines 1-22 |
| Page 75: Lines 1-22 | Page 102: Lines 1-22 | Page 140: Lines 1-22 |
| Page 76: Lines 1-22 | Page 103: Lines 1-22 | Page 141: Lines 1-22 |
| Page 77: Lines 1-22 | Page 104: Lines 1-22 | Page 142: Lines 1-22 |
| Page 78: Lines 1-22 | Page 105: Lines 1-22 | Page 143: Lines 1-22 |
| Page 79: Lines 1-22 | Page 106: Lines 1-22 | Page 144: Lines 1-22 |
| Page 80: Lines 1-22 | Page 110: Lines 11-22 | Page 145: Lines 1-22 |
| Page 81: Lines 1-22 | Page 111: Lines 1-22 | Page 146: Lines 1-22 |
| Page 82: Lines 1-22 | Page 112: Lines 1-22 | Page 152: Lines 12-22 |
| Page 83: Lines 1-22 | Page 113: Lines 1-22 | Page 153: Lines 1-22 |
| Page 84: Lines 1-22 | Page 114: Lines 1-22 | Page 154: Lines 1-22 |
| Page 85: Lines 1-22 | Page 115: Lines 1-8 | Page 155: Lines 1-22 |
| Page 86: Lines 1-22 | Page 126: Lines 19-22 | Page 158: Lines 8-22 |
| Page 87: Lines 1-22 | Page 127: Lines 1-22 | Page 159: Lines 1-22 |
| Page 88: Lines 1-22 | Page 128: Lines 1-6, 11-22 | Page 160: Lines 1-22 |
| Page 89: Lines 1-22 | Page 129: Lines 1-22 | Page 161: Lines 1-22 |
| Page 90: Lines 1-22 | Page 130: Lines 1-20 | Page 162: Lines 1-22 |
| Page 91: Lines 1-22 | Page 132: Lines 1-22 | Page 163: Lines 1-22 |
| Page 92: Lines 1-22 | Page 133: Lines 1-22 | Page 164: Lines 1-22 |
| Page 93: Lines 1-22 | Page 134: Lines 1-22 | Page 165: Lines 1-22 |
| Page 94: Lines 1-22 | Page 135: Lines 1-22 | Page 166: Lines 1-22 |
| Page 95: Lines 1-4 | Page 136: Lines 1-22 | Page 167: Lines 1-22 |

O'MELVENY & MYERS LLP

Denise Baker, Esq., June 6, 2007 - Page 3

| | | |
|---|---|---|
| Page 168: Lines 1-22 | Page 211: Lines 1-22 | Page 239: Lines 19-22 |
| Page 169: Lines 1-22 | Page 212: Lines 1-22 | Page 240: Lines 1-22 |
| Page 170: Lines 1-22 | Page 213: Lines 1-22 | Page 241: Lines 1-18 |
| Page 171: Lines 1-4, 18-22 | Page 214: Lines 1-22 | Page 244: Lines 7-22 |
| Page 172: Lines 1-11 | Page 215: Lines 1-22 | Page 245: Lines 1-22 |
| Page 176: Lines 5-8 | Page 216: Lines 1-22 | Page 246: Lines 1-22 |
| Page 183: Lines 11-14 | Page 217: Lines 1-22 | Page 247: Lines 1-22 |
| Page 189: Lines 6-8 | Page 218: Lines 1-22 | Page 248: Lines 1-22 |
| Page 194: Lines 4-22 | Page 219: Lines 1-22 | Page 249: Lines 1-2 |
| Page 195: Lines 1-11 | Page 220: Lines 1-22 | Page 255: Lines 21-22 |
| Page 197: Lines 13-22 | Page 221: Lines 1-22 | Page 256: Lines 1-22 |
| Page 198: Lines 1-22 | Page 222: Lines 1-13 | Page 257: Lines 1-22 |
| Page 199: Lines 1-22 | Page 223: Lines 21-22 | Page 258: Lines 1-22 |
| Page 200: Lines 1-22 | Page 224: Lines 1-22 | Page 259: Lines 1-22 |
| Page 201: Lines 1-22 | Page 225: Lines 1-16 | Page 260: Lines 1-22 |
| Page 202: Lines 1-22 | Page 228: Lines 8-22 | Page 261: Lines 1-22 |
| Page 203: Lines 1-22 | Page 229: Lines 1-3 | Page 262: Lines 1-22 |
| Page 204: Lines 1-22 | Page 231: Lines 7-22 | Page 263: Lines 1-22 |
| Page 205: Lines 1-16 | Page 232: Lines 1-22 | Page 264: Lines 1-22 |
| Page 206: Lines 2-22 | Page 233: Lines 1-14 | Page 265: Lines 1-14 |
| Page 207: Lines 1-22 | Page 234: Lines 14-22 | Page 266: Lines 3-22 |
| Page 208: Lines 1-22 | Page 235: Lines 1-17 | Page 267: Lines 1-17 |
| Page 209: Lines 1-22 | Page 236: Lines 6-19 | Page 268: Lines 14-22 |
| Page 210: Lines 1-22 | Page 237: Lines 5-17 | Page 269: Lines 1-11 |

O'MELVENY & MYERS LLP

Denise Baker, Esq., June 6, 2007 - Page 4

    With regard to the aforementioned lines, we designate as confidential and subject to the protective order all draft and final versions, whether in hard copy, electronic form, or on videotape or DVD.  Please afford these materials the protections provided for by the stipulated protective order.  The hard copy original of this letter will be delivered by FedEx tomorrow.

    Thank you for your courtesy in this regard.

                             Very truly yours,

                             Sarah E. Johnson
                             for O'MELVENY & MYERS LLP