# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TROY (aka TREYSHAWN) RANKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2063 (RMC)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Troy (aka Treyshawn) Rankin advances constitutional and negligence claims against the District of Columbia and several identified and unidentified present and former employees of the Department of Corrections.  Ms. Rankin's[1] claims are  based on the failure of the Receiving & Discharge Unit at the D.C. Jail to follow through on a Jail doctor's prescription of seven-days' worth of medications for her HIV-AIDs, toxoplasmosis, and pneumonia upon Ms. Rankin's discharge from the Jail.  She claims that the Defendants violated her Eighth Amendment right to adequate medical treatment by failing to provide bridge medications and that the District of Columbia has a practice and custom of so violating prisoners' rights.  *See* Compl. at 2.  Allegedly as a result of not receiving the medications, Ms. Rankin suffered a relapse of toxoplasmosis, which caused her to become comatose for a week.  *Id.*  She continues to experience medical problems. *Id.*  Ms. Rankin alleges that the failure to provide her medications to bridge her from release to a new

---

[1]  At the time of the Complaint, Troy Rankin was a 38 year old male-to-female pre-surgical transsexual.  Ms. Rankin lives as a woman and will be referred to throughout as "Ms. Rankin." *See* Compl. at 3, n. 1.

prescription was the result of deliberate indifference to her serious medical condition and the failure to train or supervise the R&D Unit corrections officers. *Id*. at 11-13.

The causes of action include: (1) 42 U.S.C. § 1983 *Monell* Claim – Deliberate Indifference to Serious Medical Needs – in Violation of the Eighth Amendment (Count 1); (2) 42 U.S.C. § 1983 *Monell* Claim – Failure to Train/Supervise – in Violation of the Eighth Amendment (Count 2); (3) 42 U.S.C. § 1983 Violation of the Eighth Amendment (Count 3); (4) 42 U.S.C. § 1983 – Violation of the Due Process Clause of the Fifth Amendment (Count 4); (5) Violations of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count 5); (6) Negligence (Count 6); and (7) Negligent Supervision (Count 7). The identified Defendants are the District of Columbia, S. Elwood York, Jr., former Interim Director of the Department of Corrections, and Dennis Harrison, Sr., former Warden (retired) of the D.C. Jail (collectively, the "District Defendants"). Messrs. York and Harrison are sued in their individual capacities. Plaintiff also brings suit against Defendants John Doe(s), supervisors at the D.C. Jail, and Richard Roe(s), correctional officers in the R & D Unit, in their individual and official capacities[2].

The District Defendants filed a Motion to Dismiss the Complaint, or in the Alternative, to Grant Summary Judgment, which has been copiously briefed. Oral argument was held at a motions hearing in open court on June 15, 2007.

---

[2] A § 1983 suit against an official in his official capacity is not a suit against the official, but a suit against the official's office, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and a plaintiff's claims against a defendant in his official capacity are treated as claims against the municipality. *See Kentucky v. Graham*, 472 U.S. 159, 166 (1985); *Atchison v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Accordingly, claims against Doe(s) and Roe(s) in their "official" capacities are treated as claims against the District of Columbia.

On the basis of the full record, and as stated in open court, the Court will grant the motion to dismiss in part and deny it in part. Insofar as the District of Columbia seeks summary judgment, the Court must deny the motion because material facts are in hot dispute.

1. The motion to dismiss Count 1 is **DENIED**.

2. The motion to dismiss Count 2 is **DENIED** as to the District of Columbia, and **GRANTED** as to Defendants York and Harrison in their individual capacities and Doe(s) in the individual capacities. The constitutional right involved in this case was not sufficiently clear to warrant liability for these officials. *See Int'l Action Center v. United States*, 365 F.3d 20, 24 (D.C. Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (noting that qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known)).

3. The motion to dismiss Count 3 is **GRANTED** as to Defendants York, Harrison Doe(s), and Roe(s) in their individual capacities and **DENIED** as to the District of Columbia. *See supra* note 2; *Int'l Action Center v. United States*, 365 F.3d 20, 24 (D.C. Cir. 2004).

4. The motion to dismiss Count 4, alleging discriminatory treatment on the basis of Ms. Rankin's illness and HIV-positive status in violation of the Due Process Clause of the Fifth Amendment, is **GRANTED** as to all Defendants without prejudice. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Plaintiff concurred that the complaint lacked a showing of a set of facts consistent with its allegations.[3] *Id.*

---

[3] At the motions hearing, Plaintiff's counsel agreed with the Court's assessment that after *Twombly* a complaint must allege facts that are consistent with the allegations in the complaint and that Plaintiff's factual allegations were too sparse to support the claim that individuals

5.  The motion to dismiss Count 5, ADA/Rehabilitation Act, is **GRANTED** as to all Defendants without prejudice.  *Id.*

6.  The motion to dismiss Count 6, Negligence, is **GRANTED** as to Defendants York, Harrison, Doe(s) and Roe(s) in their individual capacities, without prejudice, and **DENIED** as to the District of Columbia. *See supra* note 2; *Int'l Action Center v. United States*, 365 F.3d 20, 24 (D.C. Cir. 2004).

7.  The motion to dismiss Count 7, Negligent Supervision, is **GRANTED**, without prejudice, as to Defendants York, Harrison, and Doe(s) in their individual capacities, and **DENIED** as to the District of Columbia.  *See supra* note 2.

8.  Plaintiff still has live claims against the District of Columbia for Count 1, Count 2, Count 3, Count 6, and Count 7.

**SO ORDERED.**


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: June 18, 2007

---

without HIV have been treated in a substantially different and more favorable manner at the R & D Unit.  The same was true for Plaintiff's ADA/Rehabilitation Act claim.