UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (a.k.a. TREYSHAWN) RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 1:06-cv-02063-RMC |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al*. ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "Defendant" or "the District"), by and through undersigned counsel, respectfully answers the Complaint and affirmative defenses to the above-captioned action.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendant specifically denies each and every allegation, statement, matter and think contained in the complaint.  Defendant responds to the numbered allegations in the complaint on knowledge to itself and on information and belief as to other matters, as follows:

**RESPONSE TO INTRODUCTION**

1.      Defendant admits that Plaintiff has styled her action for damages under 42 U.S.C. § 1983, negligence, the 5th and 8th Amendment of the U. S. Constitution, the Americans with Disabilities Act and the Rehabilitation Act; however, Defendant specifically denies any liability thereunder that rise to the level of a constitutional, statutory or common law wrong for which there is a remedy.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the nature or extent of Plaintiff's alleged injuries, and demands strict proof at trial.

**RESPONSES TO JURISDICTION AND VENUE**

2.      Defendant admits the statutory references cited in paragraph 2 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

3.      Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that venue is necessarily proper in this Court.

**RESPONSE TO NOTICE OF CLAIM**

4.      After investigation Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and thus, denies same.  If material, strict proof is demanded at time of trial.

**RESPONSES TO ALLEGATIONS REGARDING THE PARTIES**

5.      Admitted.

6.      Defendant admits only that it is a municipal corporation capable of being sued as provided in D.C. Code § 1-102.  The remainder of Plaintiff's allegations set forth in paragraph 6 is specifically denied and if material, strict proof is demanded at time of trial.

7.      It is admitted that S. Elwood York was the Interim Director of the DOC; however, it is denied that S. Elwood York is a defendant in this action.

8.      It is admitted that Dennis Harrison was the Warden of the D.C. Jail; however, it is denied that Dennis Harrison is a defendant in this action.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the identity or office of this unnamed defendant, and therefore, denies said allegations.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the identity or office of these unnamed defendants, and therefore, denies these allegations.

**RESPONSES TO FACTUAL ALLEGATIONS**

**Responses to Allegations Regarding Background Information**

11.     Admitted.

12.     Defendant admits that several thousand inmates may be incarcerated under the jurisdiction of the District of Columbia, some of whom have filed lawsuits complaining of jailhouse conditions.  The remainder of Plaintiff's allegations in paragraph 12 of the complaint is specifically denied, and if material, strict proof is demanded at time of trial.

13.     This paragraph 13 states conclusions of law to which no response is required.

14.     This paragraph misstates an institutional goal as a legal standard of care. Defendant specifically denies the allegations in this paragraph 14, and if material, demand strict proof at time of trial.

15.     Defendant admits that it provides a seven day supply of medications to all inmates released to home.  Defendant specifically denies that this provision of medications is an

acknowledgement of a duty, and if material, strict proof of said duty is demanded at time of trial.

16.     Defendant admits that the contract between the DOC and the Center for Correctional Health and Policy Studies, Inc. (CCHPS) speaks for itself.    Defendant specifically denies the remaining allegations in this paragraph 16, and if material, demands strict proof at time of trial.   Plaintiff's contention that the District has a constitutional duty to provide bridge medications is a conclusion of law to which no response is required.

17.     Denied.  Paragraph 17 states a conclusion of law to which no response is required.

18.     Defendant admits that self-serving remarks were made to a joint oversight committee, which included hearsay testimony regarding "medication distribution." Defendant denies the remainder of the allegations set forth in this paragraph 18, and if material, demands strict proof at time of trial.

19.     Admitted.

20.     Defendant admits that a contract provides that inmates may be provided with a seven (7) day supply of medications upon release. Defendant denies that the contractual provision is a "clear DOC Policy Statement," but if material strict proof is demanded at time of trial.  Defendant denies the remainder of Plaintiff's allegations in paragraph 20 to the extent that they are conclusions of law.

21.     Defendant admits that Plaintiff left the jail on December 2, 2005 without the prescribed medications in hand.  Defendant specifically denies that it was required to ensure a supply of prescribed bridge medications.  By way of further answer, her prescribed medications were available for her on December 5, 2005.  Defendant denies

the remainder of the allegations set forth in this paragraph 21, and if material, demands strict proof at time of trial.

**Responses to Allegations Regarding Plaintiff's Medications While Incarcerated**

22.     Defendant denies being informed by Plaintiff that she was HIV-positive and had toxoplasmosis when she entered the D.C. Jail on June 26, 2005, but if the fact that she was HIV-positive and suffered from toxoplasmosis on June 26, 2005 is material, strict proof is demanded at time of trial.  By way of further answer, Defendant admits that when it was informed that Plaintiff suffered from these conditions, it rushed her to Greater Southeast Community Hospital for medical treatment.  Defendant denies the remainder of Plaintiff's allegations in paragraph 22, and if material, demand strict proof at time of trial.

23.     Defendant admits Plaintiff was transferred to CTF, a medical unit for prisoners. On information and belief, based upon a review of Plaintiff's medical records, she received medications and needed medical treatment while she was incarcerated at CTF. Defendant denies the remaining allegations set forth in paragraph 23, and if material, demands strict proof at trial.

**Response to Allegations Regarding Ms. Rankin's Discharge from R&D**

24.     Admitted.

25.     Defendant admits that Plaintiff was released from incarceration on December 2, 2005 without prescribed medications.  By way of further answer, Defendant admits that her prescribed medications were available on December 5, 2005. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in paragraph 25, and therefore, denies same. If material, strict proof is demanded at time of trial.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26, and therefore, denies same. If material, strict proof is demanded at time of trial.

**Responses to Allegations Regarding Plaintiff's Toxoplasmosis**

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's attempts to obtain medications after she left jail, and therefore denies the allegations set forth in paragraph 27. If material, strict proof is demanded at time of trial.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 regarding Plaintiff's medical condition after she was released from incarceration, and therefore denies the allegations. If material, strict proof is demanded at time of trial.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 regarding Plaintiff's medical treatment after she was released from incarceration, and therefore denies the allegations. If material, strict proof is demanded at time of trial.

30.     Defendant denies that its actions or inactions were the proximate case or substantial factor with respect to the cause of plaintiff's injuries. If material, strict proof is demanded at time of trial.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 regarding Plaintiff's injuries. If material, strict proof is demanded at time of trial.

32.     Denied.  This paragraph 32 relates to individuals other that plaintiff by referencing the "medical needs of outgoing prisoners . . . today."  Upon information and belief, Plaintiff is not incarcerated in D.C. jail, as of today.  The remainder of the allegations in this paragraph is conclusions of law to which no response is required.

**Responses to First Cause of Action**

33.     Defendant repeats its responses to the allegations of paragraphs 1-32 of the complaint as if set forth at length herein.

34.     Plaintiff's contentions in paragraph 34 are conclusions of law to which no response is required.

35.     Defendant denies the allegations set forth in paragraph 35 of the complaint, and if material, strict proof is demanded at time of trial.  To the extent that this paragraph states conclusions of law, Defendant denies same.

36.     Denied.  Plaintiff's characterizations of Defendant's alleged actions or inactions as deliberately indifferent and reckless are conclusions of law to which no response is required.

37.     Denied.  Plaintiff's contentions in paragraph 37 are conclusions of law to which no response is required.

38.     Denied.  Plaintiff's contentions in paragraph 38 are conclusions of law to which no response is required.

39.     Plaintiff's characterizations of Defendant's actions or inactions as deliberately indifferent and reckless are conclusions of law to which no response is required. Defendant denies that any of its actions or inactions caused Plaintiff's alleged injuries. Defendant admits the constitutional and statutory references cited in paragraph 39 of the complaint, but denies that these references are implicated in this matter. Defendant demands strict proof at trial as to the amount and cause of Plaintiff's alleged injuries.

**Responses to Second Cause of Action**

40.     Defendant repeats its responses to the allegations of paragraphs 1-32 and 34-39 of the complaint as if set forth at length herein.

41.     Denied. Defendant admits that the correctional officers in the R&D Unit forward prescribed medications to inmates as they are released when the medications have been brought from the pharmacy. By way of further answer, Defendant admits that a contract provides that a 7-day supply of medications may be given to inmates upon release from jail. The remaining allegations of this paragraph 41 are denied, and if material strict proof is demanded at time of trial. To the extent the allegations of paragraph 41 state claims against defendants York or Harrison, such claims have been dismissed.

42.     Plaintiff's contentions in paragraph 42 are conclusions of law to which no response is required. To the extent the allegations of paragraph 42 state claims against defendants York or Harrison, such claims have been dismissed.

43.     Defendant denies the allegations set forth in paragraph 43 of the complaint, and if material, demands strict proof at time of trial. To the extent the allegations of paragraph 43 state claims against defendants York or Harrison, such claims have been dismissed.

44.     Plaintiff's contentions in paragraph 44 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that the training or supervision was inadequate, or that the alleged inadequacy was obvious. To the extent the allegations of paragraph 44 state claims against defendants York or Harrison, such claims have been dismissed.

45.     Defendant denies any pattern, practice, custom or policy of indifference to the adequate training and supervision of the R&D Unit correctional officers. Plaintiff's characterizations of Defendant's actions or inactions as deliberately indifferent and reckless are conclusions of law to which no response is required. To the extent the allegations of paragraph 45 state claims against defendants York or Harrison, such claims have been dismissed.

46.     Denied. Plaintiff's contentions in paragraph 46 are conclusions of law to which no response is required. To the extent the allegations of paragraph 46 state claims against defendants York or Harrison, such claims have been dismissed.

47.     Denied. Plaintiff's contentions in paragraph 47 are conclusions of law to which no response is required. To the extent the allegations of paragraph 47 state claims against defendants York or Harrison, such claims have been dismissed.

**Response to Third Cause of Action**

48.     Defendant repeats its responses to the allegations of paragraphs 1-32, 34-39, and 41-47 of the complaint as if set forth at length herein.

49.-52. Denied. The allegations of this paragraph pertain to Defendants other than the answering Defendant, thus, no response is required. As for the claims against Defendants Harrison and York, such claims have been dismissed.

**Response to Fourth Cause of Action**

53.     Defendant repeats its responses to the allegations of paragraphs 1-32, 34-39, 41-47, and 49-52 of the complaint as if set forth at length herein.

54.-56  Denied.  The allegations set forth in this paragraph relate to a claim that has been dismissed by the Court, thus, no response is required.

**Response to Fifth Cause of Action**

57.     Defendant repeats its responses to the allegations of paragraphs 1-32, 34-39, 41-47, 49-52, and 54-56 of the complaint as if set forth at length herein.

58.-61. Denied.  The allegations set forth in this paragraph relate to a claim that has been dismissed by the Court, thus, no response is required.

**Response to Sixth Cause of Action**

62.     Defendant repeats its responses to the allegations of paragraphs 1-32, 34-39, 41-47, 49-52, 54-56, and 58-61 of the complaint as if set forth at length herein.

63.     Denied.  The allegations in paragraph 63 are conclusions of law to which no response is required.

64.     Defendant admits only that the prescribed medications were not available at the time of Plaintiff's release from jail on December 2, 2005.  The remaining allegations in this paragraph 64 are specifically denied, and if material, strict proof is demanded at time of trial.  The remaining allegations state conclusions of law to which no response is required.  To the extent that paragraph 64 states claims against Defendants Harrison and York, such claims have been dismissed.

65. Plaintiff's contentions in paragraph 65 are conclusions of law to which no response is required. To the extent the allegations of paragraph 65 state claims against defendants York or Harrison, such claims have been dismissed.

66. Plaintiff's contentions as to negligence are conclusions of law to which no response is required. Defendant denies the remaining allegations set forth in paragraph 66 and if material, demands strict proof at the time of trial. To the extent the allegations of paragraph 66 state claims against defendants York or Harrison, such claims have been dismissed.

**Response to Seventh Cause of Action**

67. Defendant repeats its responses to the allegations of paragraphs 1-32, 34-39, 41-47, 49-52, 54-56, 58-61, and 63-66 of the complaint as if set forth at length herein.

68. Denied. The allegations set forth in paragraph 68 are conclusions of law to which no response is required. To the extent the allegations of paragraph 68 state claims against defendants York or Harrison, such claims have been dismissed.

69. Defendant specifically denies the allegation set forth in paragraph 69 of the complaint, and if material, demands strict proof at time trial. To the extent the allegations of paragraph 69 state claims against defendants York or Harrison, such claims have been dismissed.

70. Denied. Defendant specifically denies the allegation set forth in paragraph 70 of the complaint, and if material, demand strict proof at time trial. To the extent the allegations of paragraph 70 state claims against defendants York or Harrison, such claims have been dismissed.

71.     Denied. This paragraph 71 states conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations and demands strict proof at time of trial. To the extent the allegations of paragraph 71 state claims against defendants York or Harrison, such claims have been dismissed.

### Response to Prayer for Relief

As to Plaintiff's WHEREFORE clause, no answer is required. To the extent, a response is required, Defendant denies that the requested relief should be awarded and requests that the Court dismiss the Complaint with Plaintiff taking nothing by way of judgment or damages against Defendant.

Defendant further answers that all allegations not specifically admitted are denied.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

### THIRD DEFENSE

Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

The Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, and negligence.

### FIFTH DEFENSE

Defendant asserts that the plaintiff failed to fully comply with D.C. Code § 12-309.

## SIXTH DEFENSE

Defendant asserts that the plaintiff failed to comply with all applicable statutes of limitation.

## SEVENTH DEFENSE

Defendant asserts that the plaintiff was contributorily negligent.

## EIGHTH DEFENSE

In the alternative, the Defendant alleges that the Plaintiff was comparatively negligent, to the extent that any negligence occurred on the part of the Defendant or other defendants, named or unnamed.

## NINTH DEFENSE

The Defendant alleges that the plaintiff assumed the risk of alleged injuries, losses or damages, if any there be.

## TENTH DEFENSE

In the alternative, the Defendant alleges that the Plaintiff's injuries, losses or damages, if any there be, were the result of the negligence of someone other than the Defendant, thereby reducing or eliminating any damages owned to the Plaintiff from the Defendant.

## ELEVENTH DEFENSE

The Defendant alleges that the plaintiff failed to join indispensable parties to this action.

## TWELFTH DEFENSE

The Defendant alleges that its actions or inaction alleged were not the proximate cause of any injuries, losses or damages to Plaintiff.

### THIRTEENTH DEFENSE

The Defendant alleges that intervening and/or superseding causes resulted in injury loss or damages to plaintiff, if any there be.

### FOURTEENTH DEFENSE

Defendant asserts that its actions or inactions were not the substantial factor in any harm or injury to plaintiff.

### FIFTEENTH DEFENSE

The Defendant alleges that the public duty doctrine is a bar to the claims alleged by plaintiff.

### SIXTEENTH DEFENSE

The Defendant alleges that sovereign immunity is a bar to the claims alleged by plaintiff.

### SEVENTEENTH DEFENSE

Defendant alleges that qualified immunity is a bar to the claims alleged by plaintiff.

### EIGHTEENTH DEFENSE

Defendant alleges an independent contractor defense to the claims alleged by plaintiff.

### NINETEENTH DEFENSE

The Defendant alleges that Plaintiff failed to exhaust administrative remedies prior to filing suit, thus barring this action.

### TWENTIETH DEFENSE

The Defendant alleges that it acted in good faith, thereby warranting dismissal of this lawsuit.

## TWENTY-FIRST DEFENSE

The Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)