UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY (aka TREYSHAWN) RANKIN,<br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 06-02063 [RMC]<br>)<br>)<br>)<br>)<br>) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3 AND
FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

  Plaintiff, Troy (aka Treyshawn) Rankin, and Defendant, District of Columbia, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 16.3, hereby submit their Joint Meet and Confer Report.[1]

  Counsel for Plaintiff and Defendant discussed the matters addressed in LCvR 16.3 via teleconference on August 2, 2007. Counsel agree that they will each file a supplemental pleading (no later than 72 hours prior to the Initial Scheduling Conference), in which they will provide a brief statement of the case and the statutory basis for all causes of action and defenses.

**I. RULE 16.3(C) MATTERS**

**1. Dispositive Motions**:

  In light of the Court's Order dated June 18, 2007, denying in part and granting in part Defendants' Motion to Dismiss, and that summary judgment is treated elsewhere in this Rule (subsection (6)), the parties do not believe this subsection is applicable.

**2. Pleading Amendments and Party Additions**:

---

[1] Defendants John Doe(s) and Richard Roe(s) have not been identified yet, and therefore have not been served with Plaintiff's complaint and summons. Consequently, they were not available for consultation pursuant to the Rules.

–1–

–2–

The parties agree that Plaintiff will have the right to amend the pleadings within ninety (90) days after the start of discovery. Additionally, the parties agree to confer in order to attempt to narrow the factual and legal issues presented.

**3. Magistrate Judge**:

The parties do not consent to have the case assigned to a magistrate judge for all purposes.

**4. Settlement**:

The parties believe that there may be a realistic possibility of early settlement, and that court-ordered mediation may assist the parties in reaching a settlement.

**5. Alternative Dispute Resolution**:

The parties believe that court-ordered mediation may be helpful before any discovery occurs. The parties agree to stay all discovery while they are engaged in mediation.

**6. Summary Judgment**:

The parties have agreed that motions for summary judgment will occur thirty (30) days after the close of expert discovery. The parties further agree that the opposing side will have thirty (30) days to file its opposition, and any replies will be due fifteen (15) days after the opposition.

**7. Initial Disclosures under Rule 26(a)(1)**:

The parties suggest that Initial Disclosures be exchanged thirty (30) days after the date upon which the parties agree mediation has failed, unless the mediator directs the parties to exchange Initial Disclosures before or during mediation.

**8. Extent of Discovery**:

The parties agree that all fact discovery should be completed six (6) months after Initial Disclosures are exchanged. The parties request that the Court allow fifteen (15) depositions per

side, and that the Court impose the presumptive time limit in Fed. R. Civ. P. 30(d)(2) of seven (7) hours per deposition. Both parties request that, if necessary, they be able to seek the Court's permission for discovery that exceeds the limitations set forth in the Federal Rules of Civil Procedure, this Court's Rules, or this Joint Report.

**9. Exchange of Expert Witness Reports and Information**:

The parties agree that the Plaintiff will serve its expert report thirty (30) days after the close of fact discovery. Defendant will serve its expert report thirty (30) days after receipt of Plaintiff's expert report; Plaintiff will serve its rebuttal report thirty (30) days later. The parties agree that depositions of experts may be taken at any point starting from after the disclosure of Plaintiff's expert report until thirty (30) days after Plaintiff's rebuttal report is served.

**10. Class Actions**:

Not applicable.

**11. Bifurcation and Phases**:

The parties do not believe that this case should be bifurcated.

**12. Pretrial Conference Date**:

The parties agree that the Court should set the pretrial conference date according to the Court's schedule.

**13. Trial Date**:

The parties agree that the Court should set the pretrial conference date according to the Court's schedule.

**14. Other Appropriate Matters**: **Electronically Stored Information:**

The parties discussed the parties' duty to preserve electronically stored information.

**II.     RULE 16.3(d) REPORT**

Pursuant to Local Rule 16.3(d), the parties hereby submit a proposed scheduling order.

–3–

Respectfully submitted,

| | |
|---|---|
| Linda Singer<br>Attorney General for the District of Columbia<br><br>George C. Valentine<br>Deputy Attorney General, Civil Litigation Division<br><br><br>/s/_____<br>Ellen A. Efros<br>Chief, Equity I<br><br>/s/_____<br>Denise J. Baker<br>Assistant Attorney General<br>441 Fourth Street, N.W., Suite 6S079<br>Washington, D.C. 20001<br>(202) 442-9887 (telephone)<br>(202) 727-3625 (fax)<br><br>*Counsel for Defendant* | Robert N. Eccles (D.C. Bar No. 355479)<br>Andrea J. Worden (D.C. Bar No. 463085)<br>Andrew Weiner (D.C. Bar No. 498663)<br>Sarah E. Johnson (D.C. Bar No. 501180)<br>O'Melveny & Myers, LLP<br>1625 Eye Street, NW<br>Washington, D.C.  20006-4001<br>Phone:  (202) 383-5300<br>Fax:  (202) 383-5414<br><br>/s/_____<br>Robert N. Eccles<br><br>Philip Fornaci (D.C. Bar No. 434824)<br>Ivy Lange (D.C. Bar No. 488147)<br>Washington Lawyers' Committee for Civil Rights<br>11 Dupont Circle, N.W., Suite 400<br>Washington, D.C. 20036<br>Phone:  (202) 319-1000<br><br>*Counsel for Plaintiff* |

–5–

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2007, a true and correct copy of this Joint Report and Proposed Scheduling Order was served, via ECF, on those parties who have entered their appearance in this action.


/s/ _____
Robert N. Eccles

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY (aka TREYSHAWN) RANKIN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-02063 [RMC] |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**[PROPOSED] ORDER**

Upon consideration of the Joint Report to the Court filed pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, it is hereby

**ORDERED** that the case shall proceed according to the following schedule:

| | |
|---|---|
| Initial Disclosures | 30 days after parties agree that mediation has failed |
| Amendment of Pleadings | Within 90 days after the start of discovery |
| Completion of all Factual Discovery | 6 months after exchange of Initial Disclosures |
| Plaintiff's Expert Report(s) Due | 30 days after close of fact discovery |
| Defendant's Expert Report(s) Due | 30 days after Plaintiff serves expert report(s) |
| Plaintiff's Rebuttal Report(s) Due | 30 days after Defendant serves expert report(s) |
| Deadline for Parties to Depose Opposing Expert(s) | 30 days after Plaintiff serves rebuttal report. |
| Deadline for Filing Dispositive Motions and Motions for Summary Judgment | 30 days after the last deposition of experts |

2

| Pretrial Conference | TBD |
|---|---|
| Trial | TBD |

**SO ORDERED.**

DATE:

                                                                                              _____
                                                                                              ROSEMARY M. COLLYER
                                                                                              United States District Judge